UNITED STATES, Appellee,

v.

Charles JOHNSON, Private, U.S. Army, Appellant.

No. 45,392.

CM 441927.

U. S. Court of Military Appeals.

Dec. 12, 1983.

For Appellant: *Colonel William G. Eckhardt, Major Robert C. Rhodes, Major Lawrence F. Klar, Captain Brett L. Antonides* (on petition).

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Thomas M. Curtis, Captain Arthur L. Passar* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

On November 19, 1981, appellant was tried at Fort Sheridan, Illinois, before a military judge sitting as a general court-martial. After pleading guilty, he was convicted of unauthorized absence from July 19, 1980, until September 10, 1981, and of wrongfully appropriating a car,[1] in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921, respectively. Johnson was sentenced to a bad-conduct discharge, nine months' confinement, forfeiture of all pay and allowances, and reduction to Private E–1. However, in compliance with the pretrial agreement, the convening authority suspended the confinement in excess of 5 months and the forfeitures in excess of $366.00 pay per month for 6 months. The United States Army Court of Military Review substituted July 20, 1980, as the inception date of the absence and otherwise affirmed the find-

---

1. Appellant was also arraigned on a second specification alleging wrongful appropriation of another automobile; however, the specification was dismissed pursuant to the pretrial agreement. In addition, appellant had pleaded guilty to willfully disobeying an order of a commissioned officer, in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890, but the plea was not accepted by the military judge, and ultimately the specification was dismissed. GCMO No. 1, dated January 25, 1982, does not reflect that the pleas to Charge I and its specification were: Guilty, changed to Not Guilty.

ings and sentence.[2] *United States v. Johnson*, 14 M.J. 850 (1982).

■ We granted review in this case to consider

WHETHER THE COURT–MARTIAL LACKED SUBJECT–MATTER JURISDICTION OVER THE ALLEGED WRONGFUL APPROPRIATION OF A MOTOR VEHICLE OFFENSE (CHARGE IV AND ITS SPECIFICATION).

We affirm.

## I

The wrongful appropriation specification alleged

that Private E–2 Charles Johnson ... did, *at or near Chicago, Illinois,* on or about 19 July 1980, wrongfully appropriate a motor vehicle, of some value, the property of Specialist Four Clyde King, U.S. Army.

(Emphasis added.) The specification also contained this jurisdictional allegation:

Jurisdiction further attaches to the Military since the said Private E2 Johnson entered into an agreement with Specialist Four King to rent his vehicle on Fort Sheridan, Illinois, an installation under exclusive military control and utilized the said motor vehicle to absent himself without authority from his unit.

At his trial, Johnson never contested military jurisdiction over the wrongful appropriation of the automobile. In connection with his guilty pleas to this offense, he entered into a stipulation of fact which, among other things, acknowledged that:

3. On or about 19 July 1980 PV2 Charles Johnson was using the motor vehicle of SP4 Clyde King. PV2 Johnson was using King's car pursuant to a private agreement under which PV2 Johnson was allowed to take the car off post. PV2 Johnson agreed to return the car the next day. PV2 Johnson failed to return the car. He wrongfully withheld the car for a few days. Four or five days after he had obtained the car, arrangements were made whereby SP4 Clyde King went to PV2 Johnson's home area in Chicago, Illinois and Johnson returned the car to King. The car was not damaged in any way.

4. When leaving with SP4 King's car on 19 July 1980 to visit his home area in Chicago, Illinois, PV2 Johnson, without authority, absented himself from his unit, HHC, USAG, Fort Sheridan, Illinois, and did remain so absent until on or about 10 September 1981.

During the providence inquiry, Johnson explained that for $50.00 he had rented the car from Specialist King, who was a member of his unit and lived "in our barracks," on the understanding that he would use it overnight to drive to an off-post apartment in Chicago to visit a "lady friend." Appellant claimed that not until he woke up the next morning in Chicago had he "made ... [his] mind up ... to go AWOL," rather than return to his unit. He had decided not to return to Fort Sheridan "because ... [they] had a warrant on me on-post"; and he had "intended to keep that car for a while until the heat came off." Appellant also admitted that he used King's car during the first few days of his unauthorized absence and had also permitted another friend to use it. Finally, he had "called ... [King] and asked him to come down in the city and pick it up"; and after appellant had been in possession of the car for about three days, Specialist King came to Chicago to get it.

The existence of court-martial jurisdiction over the wrongful appropriation was first questioned by appellant before the Court of Military Review. His "attack on jurisdiction focuse[d] on his uncontroverted

---

2. The court below also issued a certificate correcting an error in the promulgating order and directed that the forfeitures should apply only to pay becoming due after the date of the convening authority's action. The convening authority had erroneously directed that the unsuspended partial forfeitures apply to pay and allowances.

assertion during the plea inquiry that he did not form the intent to withhold the car until he woke up in Chicago and decided to remain absent without leave." *United States v. Johnson, supra* at 851.

## II

Even if the intent to misappropriate King's car was formed after appellant had left Fort Sheridan and reached the nearby city of Chicago, we still must conclude that jurisdiction existed. *See United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983). Here, as in *Lockwood,* service-connection was not disputed at trial and pleas of guilty were entered. Here, as in *Lockwood,* the offense as to which jurisdiction is now being challenged was referred to a court-martial for trial along with a closely related offense which clearly was service-connected—namely, appellant's unauthorized absence of more than a year. Here, as in *Lockwood,* another servicemember was a victim of the crime.

Although Johnson's testimony during the providence inquiry contradicted in one respect the jurisdictional allegation that he had "utilized the said motor vehicle to absent himself without authority from his unit," he did use the car in Chicago during the first few days of his absence. In any event, the wrongful appropriation of the car was closely connected with a military installation, for Fort Sheridan was the place where Specialist King regularly kept his automobile; the car was rented and delivered to appellant at that post; and under the rental agreement, it was to be returned there.

Even if, as appellant testified, his intent to misappropriate the car was formed in Chicago, rather than at Fort Sheridan, we give little weight here to this circumstance. In this regard we agree with Judge Garn's comment in a parallel case that "[i]t would be anomalous, and I believe unnecessary, to conclude that the court-martial could not exercise jurisdiction on the basis of appel-

lant's subsequent revelation of the time and place he happened to form his criminal intent." *United States v. Gordon,* CM 439225, unpublished opinion at 3 (A.C.M.R. July 21, 1980) (Garn, J., concurring in the result), *pet. denied,* 10 M.J. 179 (1980).

In some respects the basis for jurisdiction is even stronger here than in *Lockwood,* where for one thing, one of the victims was a civilian, so there was some likelihood of vigorous prosecution in a civil court if the accused were not tried by court-martial for his off-base crimes. On the other hand, both Johnson and his sole victim, Specialist King, were servicemembers; and a civilian prosecutor would have little interest in trying the offense.

■ Furthermore, unlike Lockwood, appellant was in a status of unauthorized absence when he committed the offense. In this connection we note that the first of the twelve factors enumerated in *Relford v. Commandant,* 401 U.S. 355, 365, 91 S.Ct. 649, 655, 28 L.Ed.2d 102 (1971), is "[t]he serviceman's *proper* absence from the base." (Emphasis added). The negative implication of this language is that unauthorized absence from the base would be a factor sustaining military jurisdiction.

This view is supported by the concurring opinions of Justices Douglas and Stewart in *Warner v. Flemings*—a case decided by the Supreme Court along with, and under the title of, *Gosa v. Mayden,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). Flemings, while absent without leave from his duty station during World War II, had stolen a car from the possession of a civilian. The issue before the Supreme Court was whether *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), applied retroactively to this offense. Although Justices Douglas and Stewart concluded that *O'Callahan* should be applied retroactively, they also were of the opinion that the auto theft committed by Flemings was service-connected. In so reasoning, both Justices seemed to give weight to the fact that

Flemings had been absent without leave at the time of the offense. Although the two Justices also emphasized that the offense had occurred during a time of war, their opinions certainly suggest that a service-member's status of unauthorized absence when he commits a crime prohibited by the Uniform Code of Military Justice[3] is a factor tending to establish the service-connection of that offense.[4]

**3.** Flemings' theft of the car violated the Articles for the Government of the Navy, rather than the Uniform Code; but this circumstance would be irrelevant.

**4.** We need not decide here how much weight should be given to a servicemember's status of

## III

The wrongful appropriation to which appellant pleaded guilty clearly was service-connected.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.

unauthorized absence as compared with other factors and considerations.