UNITED STATES

v.

**Gary D. WHITE, 305 72 9205, Private First Class (E–2), U.S. Marine Corps.**

84 0549.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 Nov. 1983.

Decided 19 April 1984.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT J.K. Ianno, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial, military judge alone, of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and use of marijuana in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to be confined at hard labor for four months, to forfeit $380.00 pay per month for six months, to be reduced to pay grade E–1, and to be discharged from the naval service with a bad conduct discharge. Appellant now asserts that the court-martial lacked jurisdiction over the charge alleging his use of marijuana. We reject appellant's contention and affirm.

Appellant began an unauthorized absence on 19 April 1982. Around 1 April 1983 in Fort Wayne, Indiana, appellant smoked marijuana with his brothers and, upon returning to military control on 6 April 1983, tested positive for the presence of Delta-9-Tetrahydro Cannabinol in his urine. These test results formed the basis for the charge of marijuana use to which appellant pleaded guilty.

Appellant argues that the providence inquiry was deficient because the military judge failed to ask about the effects, if any, that appellant was experiencing from his marijuana use when he returned to military control on 6 April. Appellant asserts that this inquiry is required by *Murray v. Haldeman*, 16 M.J. 74, 80 (C.M.A. 1983), to establish the necessary service connection to support court-martial jurisdiction over the use of marijuana by a service member.

■ We find no merit in appellant's contentions. There are several factors which establish the service connection of this offense. During the providence inquiry, appellant admitted that his use of marijuana was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces and that such conduct is likely to have an adverse impact upon military discipline and poses a threat to the military in that it impedes an individual's ability to perform his duties. It is clear to us that the use of marijuana by a service member among civilians is conduct which tends to lower the service in public esteem. Paragraph 213c, *Manual for Courts-Martial, 1969 (Rev.)*. Since the military obviously has a special interest in punishing any illegal conduct by service members which has this effect, these admissions by appellant are more than adequate to establish the service connection of his marijuana use, especially in light of appellant's refusal to challenge service connection at trial which justifies our "drawing any reasonable inferences against him with respect to factual matters not fully developed in the record of trial." *United States v. Lockwood*, 15 M.J. 1, 7 (C.M.A.1983).

■ Because appellant's marijuana use occurred while he was an unauthorized absentee, this case does not fit within the hypothetical situation set forth in footnote 28 of *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980), in which the Court of Military Appeals suggested that court-martial jurisdiction may not exist over a service member's use of marijuana away from the military community during an extended pe-

riod of leave. In fact, the Court of Military Appeals has recognized that a member's status of unauthorized absence when he commits an offense prohibited by the UCMJ is a factor tending to establish the service connection of the offense. *United States v. Johnson*, 17 M.J. 73 (C.M.A.1983). This view is further supported by the analogy to the theory of pendent jurisdiction discussed by the Court of Military Appeals in *United States v. Lockwood*, 15 M.J. 1, 7 (C.M.A.1983).

■ Finally, the proximity of appellant's offense to his return to military control is another significant factor which supports court-martial jurisdiction. Appellant's drug use was so close in time to his return to military control that the drug was still coursing through his system upon his return. This fact tends to establish the service connection of the offense.

In light of the foregoing factors, there is no doubt that there was sufficient service connection to support court-martial jurisdiction over the marijuana offense. Accordingly, the findings and sentence as approved on review below, are affirmed.

Senior Judge GREGORY and Judge BARR concur.